UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWSDIVISION

IN RE:  DAMARCUS MACKIE,                              Case No. 05-53293-A
                                                                              Chapter 7
        Debtor.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Chapter 13 trustee's Objection to Debtor's Claim of Homestead Exemption based on the debtor's failure to meet the statutory requirements of Va. Code § 34-6 by not filing a homestead deed in the city or county where the property is located. The debtor did not respond to the objection, but appeared with counsel at the hearing. He acknowledged that he did not meet the requirements of the Virginia Code, but argued that his failure to do so was through no fault of his own and he should not be penalized. The Court must determine whether the debtor will be allowed to claim the homestead exemption without meeting the statutory requirements. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The facts in this case are not in dispute and are quite brief. On October 13, 2005, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On

his Schedule C, the debtor claimed a homestead exemption in property known as "Lot 15, Woodland Acres, Raeford, North Carolina." To secure the exemption the debtor filed a homestead deed in the Circuit Court of the City of Hampton, where the debtor resides, but did not make any corresponding filing in Raeford (Hoke County), North Carolina, where the property is located.

On February 8, 2006, the trustee filed the instant objection.

## CONCLUSIONS OF LAW

11 U.S.C. § 522 authorizes a debtor to exempt certain property from becoming property of the bankruptcy estate, however § 522(b)(2)(A)[1] allows states to opt out of the federal exemption scheme and utilize their own exemptions. 11 U.S.C. § 522(b)(2)(A) (2004). Virginia took advantage of this opt-out provision by enacting Virginia Code § 34-3.1, therefore Virginia substantive and procedural law applies to the issues in this case. *In re Redmon*, 31 B.R. 756 (Bankr. E.D. Va. 1983).

Virginia Code § 34-4 allows a debtor to "exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder,...not exceeding $ 5,000 in value." Va. Code § 34-4 (2004). In order to secure the exemption the debtor must record a signed document "in the county or city wherein such real estate or any part thereof is located and if such property is located outside of the Commonwealth, in the county or city where the householder resides...." Va. Code §

---

[1] This citation refers to the Code as it existed when this case was filed on October 14, 2005. The applicable provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 522(b)(3)(A), while signed in to law in April 2005, was not effective until October 17, 2005.

2

34-6. The filing of the deed where the land is located protects the public title of the land and is of paramount importance in real estate law. *In re McWilliams*, 296 B.R. 424, 427 (Bankr. E.D. Va. 2002).

Prior to the 1998 amendment the code section only required a filing where the property was located. Va. Code § 34-6 (1996), *Calhoun v. Tice (In re Calhoun)*, 790 F.2d 888, 888 (4th Cir. 1986) (disallowing Virginia debtors' homestead exemption right in real property located in Kansas because the homestead deed was erroneously filed in Virginia and not in Kansas). The amendment added the language, "...and if such property is located outside the Commonwealth, in the county or city where the householder resides," which has been found to create an additional requirement Virginia residents must fulfill when the property they are claiming as exempt lies outside of Virginia. *In re McWilliams*, 296 B.R. at 427. Consequently, if the property being claimed as exempt is outside of Virginia then the debtor must file two homestead deeds. Under Virginia law, if debtors want to gain the benefit of the homestead exemption then they "'must comply strictly with statutory requirements." *Id.* at 426.

The facts in this case are identical to those in *McWilliams*. There, the debtor claimed as exempt certain property located in North Carolina. The debtor did not record any deed in North Carolina, but rather only in Virginia, where he resided. The *McWilliams* court held that the debtor failed to meet the requirements set forth in Va. Code § 34-6 and did not allow the exemption. *Id.* at 427.

In the instant case, the debtor lives in Hampton, Virginia and the property he is attempting to exempt is located in North Carolina, but he filed a homestead deed only

in Hampton, Virginia. The debtor argues "homestead" deeds do not exist in North Carolina and therefore he should be exempt from being required to file something that does not exist. However, debtor's counsel's letter brief submitted to the Court after the hearing, acknowledges that a "homestead" deed that met the other physical filing requirements of Raeford (Hoke County), North Carolina would be accepted for recording there, regardless of the title of the instrument. The debtor's original argument is completely undermined by his own admission.

Debtor's argument concerning the lack of a recording in North Carolina, notwithstanding, the Court must strictly construe Virginia Code § 34-6; the debtor's failure to meet the statutory requirements necessitates that he is unable to avail himself of the Virginia homestead exemption.

## CONCLUSION

For the foregoing reasons, the trustee's Objection is hereby **SUSTAINED**.

**IT IS SO ORDERED.**
Norfolk, Virginia

Apr 19 2006

/s/ David H. Adams
_____
David H. Adams, Judge
United States Bankruptcy Court

Copies to:
David Ruby, Trustee
Sherman Smith, Esquire

Entered on Docket: 04/19/06